## UNITED STATES DITRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

WM CAPITAL MANAGEMENT, INC. AS )
SUCCESSOR IN INTEREST TO THE )
FEDERAL DEPOSIT INSURANCE )
CORPORATION, AS RECEIVER FOR )
EDGEBROOK BANK, )   Case No. 15-CV-8056
 )
          Plaintiff, )
      v. )
 )
FLIRTY GIRL FITNESS LINCOLN PARK, )
LLC; FLIRTY GIRL FITNESS, U.S.A., )
LLC; KERINDA KNEE, KRISTA KNEE )
and TIMOTHY GLASCOTT, )
 )
      Defendants. )

## VERIFIED COMPLAINT

The Plaintiff, WM CAPITAL MANAGEMENT, INC., AS SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR EDGEBROOK BANK (the "Plaintiff" or "WM CAPITAL"), by its undersigned attorneys, and alleges the following causes of action for breach of contract, foreclosure of security interests in personal property and other relief:

### FACTS COMMON TO ALL COUNTS

1.     On or about July 2, 2013, Edgebrook Bank made a loan to FLIRTY GIRL FITNESS LINCOLN PARK, LLC ("Flirty Girl Fitness Lincoln Park") and FLIRTY GIRL FITNESS U.S.A., LLC ("Flirty Girl Fitness USA", and together with Flirty Girl Fitness Lincoln Park, the "**Borrowers**"), in the original principal amount of $865,000.00 (the "**Original Flirty Girl Fitness Loan**") in connection with the Borrower's acquisition and operation of a fitness

1

center located in Cook County, Illinois. The Original Flirty Girl Fitness Loan is evidenced by a Promissory Note dated July 2, 2013, executed by Borrowers to the order of Edgebrook Bank in the principal amount of $865,000.00 (the "**Flirty Girl Fitness Note**", a copy of which is attached hereto as **Exhibit "A"**).

2. On or about August 28, 2013, Edgebrook Bank and the Borrowers modified the Original Flirty Girl Fitness Loan, to extend the maturity date to November 2, 2013, as evidenced by a Change In Terms Agreement, executed by Borrowers to the order of Edgebrook Bank (the "**First Change in Terms Agreement**"). A true and correct copy of the First Change in Terms Agreement is attached hereto as **Exhibit "B"**.

3. On or about December 30, 2013, Edgebrook Bank and the Borrowers further modified the Original Flirty Girl Fitness Loan, to extend the maturity date to March 2, 2014, as evidenced by a Change In Terms Agreement, executed by Borrowers to the order of Edgebrook Bank (the "**Second Change in Terms Agreement**"). A true and correct copy of the Second Change in Terms Agreement is attached hereto as **Exhibit "C"**.

4. On or about April 18, 2014, Edgebrook Bank and the Borrowers further modified the Original Flirty Girl Fitness Loan, to extend the maturity date to May 2, 2014, as evidenced by a Change In Terms Agreement, executed by Borrowers to the order of Edgebrook Bank (the "**Third Change in Terms Agreement**"). A true and correct copy of the Third Change in Terms Agreement is attached hereto as **Exhibit "D"**.

5. On or about June 26, 2014, Edgebrook Bank and the Borrowers further modified the Original Flirty Girl Fitness Loan, to extend the maturity date to September 2, 2014, as evidenced by a Change In Terms Agreement, executed by Borrowers to the order of Edgebrook

Bank (the "**Fourth Change in Terms Agreement"**). A true and correct copy of the Fourth Change in Terms Agreement is attached hereto as **Exhibit "E"**.

6.     On or about September 23, 2014, Edgebrook Bank and the Borrowers further modified the Original Flirty Girl Fitness Loan, to modify the interest rate and extend the maturity date to September 2, 2016, as evidenced by a Change In Terms Agreement, executed by Borrowers to the order of Edgebrook Bank (the "**Fifth Change in Terms Agreement"**, which together with the First, Second, Third and Fourth Change in Terms Agreements are hereinafter referred to as the "**Change in Terms Agreements"**). A true and correct copy of the Fifth Change in Terms Agreement is attached hereto as **Exhibit "F"**.

7.     The Original Flirty Girl Fitness Loan, as modified by the Change In Terms Agreements (hereinafter referred to as the "**Flirty Girl Fitness Loan"**) is further secured by a Commercial Security Agreement dated July 2, 2012, by Flirty Girl Fitness Lincoln Park (the "**Flirty Girl Fitness Lincoln Park Security Agreement"**), in which Flirty Girl Fitness Lincoln Park granted to Edgebrook Bank a security interest in all of Flirty Girl Fitness Lincoln Park's assets, including, but not limited to, all personal property of any kind and nature, inventory, equipment, instruments, documents, accounts, deposits, contract rights for the payment of money, all general intangibles, and all rights to receive proceeds derived or arising from or in connection with the sale, transfer, or transfer of control of any and all assets of Flirty Girl Fitness Lincoln Park (the "Flirty Girl Fitness Lincoln Park Collateral"). A true and correct copy of the Flirty Girl Fitness Lincoln Park Security Agreement is attached hereto as **Exhibit "G"**).

8.     The Flirty Girl Fitness Loan is further secured by a Commercial Security Agreement dated July 2, 2012, by Flirty Girl Fitness USA (the "**Flirty Girl Fitness USA Security Agreement"**), in which Flirty Girl Fitness USA granted to Edgebrook Bank a security

interest in all of Flirty Girl Fitness USA's assets, including, but not limited to, all personal property of any kind and nature, inventory, equipment, instruments, documents, accounts, deposits, contract rights for the payment of money, all general intangibles, and all rights to receive proceeds derived or arising from or in connection with the sale, transfer, or transfer of control of any and all assets of Flirty Girl Fitness USA (the "Flirty Girl Fitness USA Collateral"). A true and correct copy of the Flirty Girl Fitness USA Park Security Agreement is attached hereto as **Exhibit "H"**)

9.      The Flirty Girl Fitness Loan is further additionally secured by a Commercial Security Agreement dated July 2, 2012 (the **"Additional Security Agreement"**), in which the Borrowers granted to Edgebrook Bank a security interest in (i) all of the Borrowers' interests in a Lease dated August 29, 2011 between Flirty Girl Fitness Lincoln Park as Tenant and Glascott & Associates, Inc. as Landlord (hereinafter the **"Lease Collateral"**), the Lease having been assigned to Edgebrook Bank by Flirty Girl Fitness Lincoln Park by an Assignment of Lease dated July 5, 2012 (hereinafter, the **"Assignment of Lease"**); and (ii) all of Kerinda Knee and Krista Knee's interests in the following entities: Flirty Girl Fitness Lincoln Park, LLC; Flirty Girl Fitness USA, LLC; Flirty Girl Fitness Chicago, LLC; Flirty Girl Fitness Inc.; and Flirty Girl Fitness DRTV, LLC (collectively, the **"Additional Collateral"**. A true and correct copy of the Additional Security Agreement and the Assignment of Lease is attached hereto as **Group Exhibit "I"**)

10.      Edgebrook Bank filed UCC Financing Statements with the Illinois and Delaware Secretaries of State, pursuant to which it perfected its security interests in all of the Flirty Girl Fitness Lincoln Park Collateral, the Flirty Girl Fitness USA Collateral, the Lease Collateral and

the Additional Collateral.  A true and correct copy of the UCC Financing Statements are attached hereto as **Group Exhibit "J"**)

11.     The Flirty Girl Fitness Loan is further secured by a Guaranty dated July 2, 2012, by Timothy Glascott ("**Glascott**"), in favor of Edgebrook Bank (the "**Glascott Guaranty**", a true and correct copy of which is attached hereto as **Exhibit "K"**); and (ii) Guaranty dated July 2, 2012, Kerinda Knee ("**Knee**"), in favor of Edgebrook Bank (the "**Knee Guaranty**", a true and correct copy of which is attached hereto as **Exhibit "L"**, and together with the Glascott Guaranty, collectively, the "Guaranties").

12.     To induce Edgebrook Bank to make the Flirty Girl Fitness Loan, each of the Guarantors agreed to the obligations of their respective Guaranties.

a.     Pursuant to the Glascott Guaranty, Glascott agreed, *inter alia*, to fully and promptly pay when due each and every debt, liability and obligation of Borrowers under the Flirty Girl Fitness Loan, plus accrued interest thereon and all other costs, fees and expenses agreed to be paid under any of the agreements evidencing or securing the Flirty Girl Fitness Loan, including, without limitation, attorneys' fees, collection costs and enforcement expenses, as set forth in the Glascott Guaranty.

b.     Pursuant to the Knee Guaranty, Knee agreed, *inter alia*, to fully and promptly pay when due each and every debt, liability and obligation of Borrowers under the Flirty Girl Fitness Loan, plus accrued interest thereon and all other costs, fees and expenses agreed to be paid under any of the agreements evidencing or securing the Flirty Girl Fitness Loan, including, without limitation, attorneys'

fees, collection costs and enforcement expenses, as set forth in the Knee Guaranty.

13.    Pursuant to the Flirty Girl Fitness Loan, the Borrowers were required to pay to Edgebrook Bank monthly payments of principal and accrued interest thereon from and after the date of the Flirty Girl Fitness Note, as amended.

14.    Borrowers have failed to pay the monthly payments of principal and interest due under the Flirty Girl Fitness Loan on June 2, 2015, July 2, 2015, August 2, 2015 and September 2, 2015.  Such failures constitute a Default under the Flirty Girl Fitness Note, as amended, the Flirty Girl Fitness Lincoln Park Security Agreement, the Flirty Girl Fitness USA Security Agreement, and the Additional Security Agreement.

15.    On May 8, 2015, Edgebrook Bank was closed by the Illinois Department of Financial and Professional Regulation Division of Banking, (hereinafter, "Division of Banking"), and the Federal Deposit  Insurance Corporation, (hereinafter, "FDIC-Receiver"), was appointed as its receiver.

16.    On August 28, 2015, the FDIC-Receiver sold and assigned all of its interests in the Flirty Girl Fitness Loan to the Plaintiff, WM Capital Management, Inc.

17.    Without regard to any judgment obtained by the Plaintiff in this action, the Plaintiff expressly reserves all of its rights and remedies to proceed by separate action, at any time, against any of the defendants herein or other parties in connection with its mortgages, liens, security interests and other security for the indebtedness under the Flirty Girl Fitness Loan, or any other loans or obligations of any of the defendants herein to the Plaintiff.  Nothing herein is intended to preclude the Plaintiff from pursuing such other rights and remedies as it may have with respect to the indebtedness under the Flirty Girl Fitness Loan, any personal guaranties, any

security agreements or assignments of interests, any contracts, any other loans, notes, or obligations, and any collateral for such indebtedness under such documents or any other documents.

## THE PARTIES

18.    Plaintiff WM Capital Management, Inc. is a New York corporation, with its principal place of business in New York, NY.

19.    Defendant Flirty Girl Fitness Lincoln Park, LLC is a Delaware limited liability company, is a borrower under the Flirty Girl Fitness Loan and the Flirty Girl Fitness Note, and maintains its principal office in Chicago, Illinois.

20.    Defendant Flirty Girl Fitness USA, LLC is a Delaware limited liability company, is a borrower under the Flirty Girl Fitness Loan and the Flirty Girl Fitness Note, and maintains its principal office in Chicago, Illinois.

21.    Defendant Timothy Glascott is an individual residing, upon information and belief, in Chicago, Illinois.

22.    Defendant Kerinda Knee is an individual residing, upon information and belief, in Chicago, Illinois.

23.    Defendant Krista Knee is an individual residing, upon information and belief, in Chicago, Illinois.

## VENUE AND JURISDICTION

24.    Jurisdiction is proper under 28 U.S.C. §1332, because the amount in controversy exceeds $75,000 and the Plaintiff is a citizen of a different state from the Defendants.

25.     Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiffs claims occurred, or a substantial part of the real estate that is the subject of the action is situated in the Northern District of Illinois.

**COUNT I**
**BREACH OF CONTRACT**
**(Against Flirty Girl Fitness Lincoln Park, LLC and Flirty Girl Fitness USA, LLC)**

26.     The Plaintiff adopts and realleges paragraphs 1 through 25 above as though fully set forth and incorporated herein.

27.     Borrowers entered into a valid and enforceable contract when they executed the Flirty Girl Fitness Note and the Change in Terms Agreements (**Exhibits "A" through "F"**).

28.     Pursuant to the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements, Borrowers were required to pay the monthly payments of principal and interest when due.  Failure to timely make payment of principal and interest due under the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements, when they became due constitutes multiple Defaults under the Flirty Girl Fitness Note, the Change in Terms Agreements, the Flirty Girl Fitness Lincoln Park Security Agreement, the Flirty Girl Fitness USA Security Agreement and the Additional Security Agreement.

29.     Because Borrowers failed to timely pay the principal and interest when due under the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements, Borrowers are in Default of its obligations under the said Note.  (*See* **Exhibits "A" through "F"**, the "Default" paragraph, page 1).

30.     The Plaintiff has fully performed and fulfilled all of the terms and conditions of the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements, that it agreed to perform and fulfill.

31.     The Plaintiff has been required to retain legal counsel for the prosecution of this Complaint and has been required to incur attorneys' fees, court costs and other enforcement costs as a result of Borrowers' failure to comply with its obligations under the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements.

32.     Pursuant to the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements, the Plaintiff is entitled to the costs of collection on the Flirty Girl Fitness Note, including reasonable attorneys' fees, costs and expenses and other enforcement costs.

33.     The Plaintiff has been damaged and continues to be damaged by Borrowers' breach of the Flirty Girl Fitness Note, as amended by the Change in Terms Agreements.

**REQUEST FOR RELIEF**

The Plaintiff respectfully requests that this Court enter an order granting to it the following relief:

    a.      A judgment in favor of WM CAPITAL MANAGEMENT, INC. and against Borrowers for compensatory damages of not less than $747,313.88, plus any additional unpaid interest, late charges, exit fees, and costs of suit, including reasonable attorneys' fees and other enforcement costs; and,

    b.      Such other and further relief as this Court deems just and proper.

**COUNT II**
**BREACH OF GUARANTY**
**(Against Timothy Glascott)**

34.     The Plaintiff adopts and realleges paragraphs 1 through 33 above as though fully set forth and incorporated herein.

35.     The Glascott Guaranty is a valid and enforceable contract.

36.     Pursuant to the Glascott Guaranty, Glascott agreed to fully and promptly pay when due each and every debt, liability and obligation of Borrowers under the Flirty Girl Fitness Note, as amended, as set forth in the Glascott Guaranty.

37.     Glascott has not performed his obligations under the Glascott Guaranty.

38.     Failure to pay the amounts due under the Glascott Guaranty is a breach of the Glascott Guaranty.

39.     The Plaintiff has fully performed and fulfilled all of the terms and conditions of the Glascott Guaranty that it agreed to perform and fulfill.

40.     The Plaintiff has been required to retain legal counsel for the prosecution of this Complaint and has been required to incur attorneys' fees, court costs and other expenses as a result of Borrowers' failure to comply with its obligations under the Flirty Girl Fitness Note and Glascott's failure to comply with his obligations under the Glascott Guaranty.

41.     Pursuant to the Glascott Guaranty, the Plaintiff is entitled to all costs and expenses agreed to be paid under the agreements evidencing the Flirty Girl Fitness Loan and securing the payment thereof, and all expenses that the Plaintiff incurs to enforce the Glascott Guaranty, including, but not limited to, attorneys' fees and costs.  (*See* Glascott Guaranty, **Exhibit "K"**, page 3).

42.     The Plaintiff has been damaged and continues to be damaged by Glascott's breach of the Glascott Guaranty.

## REQUEST FOR RELIEF

The Plaintiff respectfully requests that the Court enter an order granting to it the following relief:

a.     A judgment in favor of WM CAPITAL MANAGEMENT, INC. and against Timothy Glascott for compensatory damages of not less than

$747,313.88, plus all accrued interest thereon and all other enforcement costs and expenses, including, without limitation, reasonable attorneys' fees; and,

b.  Such other and further relief as this Court deems just and proper.

## COUNT III
## BREACH OF GUARANTY
### (Against Kerinda Knee)

43.     The Plaintiff adopts and realleges paragraphs 1 through 42 above as though fully set forth and incorporated herein.

44.     The Knee Guaranty is a valid and enforceable contract.

45.     Pursuant to the Knee Guaranty, Knee agreed to fully and promptly pay when due each and every debt, liability and obligation of Borrowers under the Flirty Girl Fitness Note, as amended, as set forth in the Knee Guaranty.

46.     Knee has not performed her obligations under the Knee Guaranty.

47.     Failure to pay the amounts due under the Knee Guaranty is a breach of the Knee Guaranty.

48.     The Plaintiff has fully performed and fulfilled all of the terms and conditions of the Knee Guaranty that it agreed to perform and fulfill.

49.     The Plaintiff has been required to retain legal counsel for the prosecution of this Complaint and has been required to incur attorneys' fees, court costs and other expenses as a result of Borrower's failure to comply with its obligations under the Flirty Girl Fitness Note and Knee's failure to comply with her obligations under the Knee Guaranty.

50.     Pursuant to the Knee Guaranty, the Plaintiff is entitled to all costs and expenses agreed to be paid under the agreements evidencing the Flirty Girl Fitness Loan and securing the payment thereof, and all expenses that the Plaintiff incurs to enforce the Knee

Guaranty, including, but not limited to, attorneys' fees and costs. (*See* Knee Guaranty, **Exhibit "L"**, page 3).

51.    The Plaintiff has been damaged and continues to be damaged by Knee's breach of the Knee Guaranty.

## REQUEST FOR RELIEF

The Plaintiff respectfully requests that the Court enter an order granting to it the following relief:

c.    A judgment in favor of WM CAPITAL MANAGEMENT, INC. and against Kerinda Knee for compensatory damages of not less than $747,313.88, plus all accrued interest thereon and all other enforcement costs and expenses, including, without limitation,  reasonable attorneys' fees; and,

d.    Such other and further relief as this Court deems just and proper.

## COUNT IV
## FORECLOSURE OF LIENS AND SECURITY
## INTERESTS IN FLIRTY GIRL FITNESS LINCOLN PARK COLLATERAL
### (Against Flirty Girl Fitness Lincoln Park)

52.    Plaintiff adopts and realleges Paragraphs 1 through 51 above as though fully set forth and incorporated herein as this Paragraph 52.

53.    The Flirty Girl Fitness Loan and Note to the Borrowers were secured, in part, by the Flirty Girl Fitness Lincoln Park Security Agreement (**Exhibit "G"**) and UCC Financing Statements (**Exhibit "J"**) with respect to the collateral owned by Flirty Girl Fitness Lincoln Park.

54.    The liens and security interests granted to Plaintiff in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, of Flirty Girl Fitness Lincoln Park are superior in priority to any liens, security interests or other interests of any of the defendants named herein.

55. By the terms of the Flirty Girl Fitness Lincoln Park Security Agreement, Plaintiff is empowered to exercise all rights and remedies, including foreclosure, granted to it under such documents and the law of Illinois.

56. Plaintiff seeks to foreclose on its security interests in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, from Flirty Girl Fitness Lincoln Park.

57. Flirty Girl Fitness Lincoln Park is in default under the Flirty Girl Fitness Lincoln Park Security Agreement for, among other reasons, failure to make payments when due under the Flirty Girl Fitness Note, and by reason of such defaults, Plaintiff is entitled to foreclose on, and seize, all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, from the date of default to present and continuing.

58. Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs and other expenses as a result of Flirty Girl Fitness Lincoln Park's failure to comply with its obligations under the Loan documents.

59. Pursuant to the Flirty Girl Fitness Note and the Flirty Girl Fitness Lincoln Park Security Agreement, Plaintiff is entitled to its attorneys fees, costs and expenses.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, respectfully requests that this Court enter an order granting to it the following relief:

i. An order declaring that Plaintiff is entitled to all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, of Flirty Girl Fitness Lincoln Park and that Plaintiff's interest in the same is superior to all other interests claimed;

ii. An order declaring that Plaintiff is entitled to all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, of

Flirty Girl Fitness Lincoln Park under the UCC Financing Statements, and that Plaintiff's interest in the same is superior to all other interests claimed;

iii.     An order terminating every right, title or interest of every sort in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, including, but not limited to, those arising from every sort of lease or lien, which is or may be claimed by any defendant in this suit, or any other person or entity with an interest subordinate to the interest of Plaintiff in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things;

iv.     An order requiring that all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, from the date of default to present, and continuing, be paid or delivered to Plaintiff, and that any and all debtors to Flirty Girl Fitness Lincoln Park be ordered to pay over all obligations to Plaintiff;

v.     A judgment for the attorneys fees, costs and expenses incurred by Plaintiff in connection with this action; and

vi.     Such other relief as this Court deems just and proper, including, but limited to, declaratory and injunctive relief.

## COUNT V
## FORECLOSURE OF LIENS AND SECURITY
## INTERESTS IN FLIRTY GIRL FITNESS USA COLLATERAL
### (Against Flirty Girl Fitness USA)

60.     Plaintiff adopts and realleges Paragraphs 1 through 59 above as though fully set forth and incorporated herein as this Paragraph 60.

61.     The Flirty Girl Fitness Loan and Note to the Borrowers were secured, in part, by the Flirty Girl Fitness USA Security Agreement (**Exhibit "H"**) and UCC Financing Statements (**Exhibit "J"**) with respect to the collateral owned by Flirty Girl Fitness USA.

62.     The liens and security interests granted to Plaintiff in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, of Flirty Girl Fitness USA are superior in priority to any liens, security interests or other interests of any of the defendants named herein.

14

63. By the terms of the Flirty Girl Fitness USA Security Agreement, Plaintiff is empowered to exercise all rights and remedies, including foreclosure, granted to it under such documents and the law of Illinois.

64. Plaintiff seeks to foreclose on its security interests in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, from Flirty Girl Fitness USA.

65. Flirty Girl Fitness USA is in default under the Flirty Girl Fitness USA Security Agreement for, among other reasons, failure to make payments when due under the Flirty Girl Fitness Note, and by reason of such defaults, Plaintiff is entitled to foreclose on, and seize, all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, from the date of default to present and continuing.

66. Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs and other expenses as a result of Flirty Girl Fitness USA's failure to comply with its obligations under the Loan documents.

67. Pursuant to the Flirty Girl Fitness Note and the Flirty Girl Fitness USA Security Agreement, Plaintiff is entitled to its attorneys fees, costs and expenses.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, respectfully requests that this Court enter an order granting to it the following relief:

   i.    An order declaring that Plaintiff is entitled to all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, of Flirty Girl Fitness USA and that Plaintiff's interest in the same is superior to all other interests claimed;

   ii.    An order declaring that Plaintiff is entitled to all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, of Flirty

Girl Fitness USA under the UCC Financing Statements, and that Plaintiff's interest in the same is superior to all other interests claimed;

iii.    An order terminating every right, title or interest of every sort in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, including, but not limited to, those arising from every sort of lease or lien, which is or may be claimed by any defendant in this suit, or any other person or entity with an interest subordinate to the interest of Plaintiff in all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things;

iv.    An order requiring that all inventory, equipment, accounts, deposit accounts, money, and other rights to payment, among other things, from the date of default to present, and continuing, be paid or delivered to Plaintiff, and that any and all debtors to Flirty Girl Fitness USA be ordered to pay over all obligations to Plaintiff;

v.    A judgment for the attorneys fees, costs and expenses incurred by Plaintiff in connection with this action; and

vi.    Such other relief as this Court deems just and proper, including, but limited to, declaratory and injunctive relief.

## COUNT VI
## FORECLOSURE OF LIENS AND SECURITY
## INTERESTS IN LEASE COLLATERAL AND ADDITIONAL COLLATERAL
### (Against Flirty Girl Fitness Lincoln Park, Flirty Girl Fitness USA,
### Kerinda Knee and Krista Knee)

68.    Plaintiff adopts and realleges Paragraphs 1 through 67 above as though fully set forth and incorporated herein as this Paragraph 68.

69.    The Flirty Girl Fitness Loan and Note to the Borrowers were further secured, in part, by the Additional Security Agreement (**Exhibit "I"**) and UCC Financing Statements (**Exhibit "J"**) with respect to (i) the Borrowers' interest in the Lease dated August 29, 2011 between Flirty Girl Fitness Lincoln Park as Tenant and Glascott & Associates Inc. as Landlord which was assigned to Edgebrook Bank pursuant to the Assignment of Lease (the "Lease Collateral"); and (ii) the individual interests of Kerinda Knee and Krista Knee in the following entities: Flirty Girl Fitness Lincoln Park, LLC; Flirty Girl Fitness USA, LLC; Flirty Girl Fitness

Chicago, LLC; Flirty Girl Fitness Inc.; and Flirty Girl Fitness DRTV, LLC (the "Additional Collateral").

70.     The liens and security interests granted to Plaintiff in the Lease Collateral and the Additional Collateral are superior in priority to any liens, security interests or other interests of any of the defendants named herein.

71.     By the terms of the Additional Security Agreement and the Assignment of Lease, Plaintiff is empowered to exercise all rights and remedies, including foreclosure, granted to it under such documents and the law of Illinois.

72.     Plaintiff seeks to foreclose on its security interests in the Lease Collateral and the Additional Collateral from Flirty Girl Fitness Lincoln Park, Flirty Girl Fitness USA, Kerinda Knee and Krista Knee.

73.     The Borrowers are is in default under the Additional Security Agreement for, among other reasons, failure to make payments when due under the Flirty Girl Fitness Note, and by reason of such defaults, Plaintiff is entitled to immediate possession of the Borrowers' interest in the Lease collateral, and to immediate possession of the premises at 2215 North Halsted, Chicago, Illinois, which premises are the subject of the Lease Collateral, from the date of default to present and continuing.

74.     By reason of such defaults, Plaintiff is also entitled to immediate possession of the all membership or stock certificates evidencing the interests of Kerinda Knee and Krista Knee in the Additional Collateral, including, but not limited to, all shares of the profits of, and right to receive cash flow distributions and fees from, the Additional Collateral, from the date of default to present and continuing

75.     Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs and other expenses as a result of the Borrowers' failure to comply with their obligations under the Loan Documents.

76.     Pursuant to the Flirty Girl Fitness Note and the Additional Security Agreement, Plaintiff is entitled to its attorneys fees, costs and expenses.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, respectfully requests that this Court enter an order granting to it the following relief:

i.      An order declaring that Plaintiff is entitled to all rights of the Tenant in that certain Lease dated August 29, 2011 for the premises known as 2215 N. Halsted Street, Chicago, Illinois, between Flirty Girl Fitness Lincoln Park as Tenant and Glascott & Associates Inc. as Landlord that Plaintiff's interest in the same is superior to all other interests claimed;

ii.     An order declaring that Plaintiff is entitled to all of Kerinda Knee and Krista Knee's interests in Flirty Girl Fitness Lincoln Park, LLC; Flirty Girl Fitness USA, LLC; Flirty Girl Fitness Chicago, LLC; Flirty Girl Fitness Inc.; and Flirty Girl Fitness DRTV, LLC, including, but not limited to, all shares of the profits of, and right to receive cash flow distributions and fees from, such Additional Collateral;

iii.    An order declaring that the Plaintiff's rights in the Lease Collateral and Additional Collateral under the UCC Financing Statements, are superior to all other interests claimed;

iv.     An order terminating every right, title or interest of every sort in the Lease Collateral and Additional Collateral, including, but not limited to, those arising from every sort of lease or lien, which is or may be claimed by any defendant in this suit, or any other person or entity with an interest subordinate to the interest of Plaintiff in such Lease Collateral and Additional Collateral;

v.      An order requiring the Lease Collateral and Additional Collateral be paid or delivered to Plaintiff, and that any and all debtors to the Borrowers by reason of said collateral be ordered to pay over all obligations to Plaintiff;

vi.     A judgment for the attorneys fees, costs and expenses incurred by Plaintiff in connection with this action; and

vii.    Such other relief as this Court deems just and proper, including, but limited to, declaratory and injunctive relief.

WM CAPITAL MANAGEMENT, INC., AS SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR EDGEBROOK BANK

By: /s/ Paul J. Richards
            One of Its Attorneys

Paul J. Richards
KAVANAGH GRUMLEY & GORBOLD LLC
111 N. Ottawa Street
Joliet, IL 60432
(815) 727-4511
Attorney No. 06230122

## VERIFICATION

The undersigned, under penalties as provided pursuant to 735 ILCS 5/1-109, certifies that he/she is the _____*Manager*_____ of WM CAPITAL MANAGEMENT, INC., the Plaintiff herein, and as such is familiar with the books and records of the Plaintiff with respect to the matters alleged in the foregoing Verified Complaint, and further certifies that the statements and allegations set forth in the Verified Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he/she verily believes the same to be true.

WM CAPITAL MANAGEMENT, INC.

By: _____

Name: *Jim Barr Coleman*

Title: *Manager*

**SUBSCRIBED AND SWORN TO** before me this _10_ day of September ___, 2015.

_____
Notary Public

GALA BEREZKIN
Notary Public
State of New York
Reg. No. 01BE6179744
Qualified in Kings County
Commission Expires 2.25.201_

20